**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY a/s/o Holland Properties Management, Inc. and Lakeside Columbia, LLC 6200 S. Gilmore Road Fairfield, OH 45014 | : : : : : : : | Civil Action No.: 1:21-cv-00084 |
| HOLLAND PROPERTIES MANAGEMENT, INC. 751 Frederick Street Hanover, PA 17331 | : : : : : | JURY TRIAL DEMANDED |
| LAKESIDE COLUMBIA, LLC 502 Washington Avenue, Suite 700 Nottingham Center Towson, MD 21204 | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| BALTIMORE GAS AND ELECTRIC COMPANY 2 Center Plaza 110 West Fayette Street Baltimore, MD 21201 | : : : : : : | |
| Serve on Resident Agent: Corporation Creations Network Inc. #700 2 Wisconsin Circle Chevy Chase, MD 20815 | : : : : : : | |
| Defendant. | : : | |

## COMPLAINT

Plaintiffs, (1) The Cincinnati Insurance Company as subrogee of Holland Properties

Management, Inc. and Lakeside Columbia, LLC (hereinafter "CIC"); (2) Holland Properties

Management, Inc.; and (3) Lakeside Columbia, LLC by and through their undersigned attorneys,

hereby sue Defendant Baltimore Gas and Electric Company (hereinafter "BGE") and allege as follows:

## THE PARTIES

1.      Plaintiff, The Cincinnati Insurance Company as subrogee of Holland Properties Management, Inc. and Lakeside Columbia, LLC, is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6200 S. Gilmore Road, Fairfield, Ohio 45014.

2.      At all times material hereto, CIC was duly authorized to issue policies of insurance in the State of Maryland, and provided insurance to Holland Properties Management, Inc. (hereinafter "Holland") and Lakeside Columbia, LLC (hereinafter, "Lakeside") (Holland and Lakeside are collectively referred to herein as "Plaintiff CIC's Insureds") under policy number Epp 054 31 11 (hereinafter the "Policy").

3.      Plaintiff, Holland Properties Management, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 751 Frederick Street, Hanover, Pennsylvania 17331.

4.      Plaintiff, Lakeside Columbia, LLC is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business located at 502 Washington Avenue, Suite 700, Nottingham Center, Towson, Maryland 21204.  The sole member of Lakeside is a citizen of Pennsylvania.  Accordingly, for diversity purposes, Lakeside is a citizen of Pennsylvania

5.      Defendant, Baltimore Gas and Electric Company (hereinafter "BGE" and/or "Defendant") is a corporation organized and existing under the laws of the State of Maryland

with its principal place of business located at 2 Center Plaza, 110 West Fayette Street, Baltimore, Maryland 21201.

6.      At all times material hereto, Defendant BGE operated a gas and electric utility in Maryland.

## JURISDICTION

7.      Plaintiffs CIC, Holland, and Lakeside are citizens of different states than the Defendant.

8.      The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs.

9.      Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship under 23 U.S.C.A. § 1332.

## VENUE

10.      Pursuant to 28 U.S.C.A. § 1391, venue is proper in the United States District Court for the District of Maryland because it is the judicial district within which a substantial part of the events giving rise to the Plaintiffs' claims occurred.

## FACTS

11.      At all times material hereto Plaintiff CIC's Insureds owned and operated the tenant occupied commercial property located at 8865 Stanford Boulevard, Columbia, Maryland (hereinafter the "Property").

12.      Before August 25, 2019, BGE installed a two-inch gas service lateral, operating at a pressure of 90 psi to supply gas to the Property (hereinafter the "Gas Line").

13.      Since the Gas Line was installed at the Property, the Gas Line has remained in the care, custody, and control of BGE.

14.     Before August 25, 2019, BGE installed electrical service to the Property from a BGE 13kV primary feeder that extended below grade to a transformer.  The transformer then supplied electrical service to the Property via multiple direct buried underground service laterals (hereinafter the "Electrical Lines").

15.     Since the Electrical Lines were installed at the Property, the Electrical Lines have remained in the care, custody, and control of BGE

16.     At all times material hereto, BGE owned the Gas Line and Electrical Lines that serviced the Property.

17.     At all times material hereto, BGE was responsible for the installation, maintenance, repair, testing, servicing, and inspection of the Gas Line and Electrical Lines.

18.     Before August 25, 2019, BGE installed the Gas Line and Electrical Lines in the same trench.

19.     On or about August 25, 2019, the Electrical Lines suffered a fault, which melted holes in the Gas Line.

20.     The holes in the Gas Line allowed fugitive gas to fill the trench and migrate into the Property.

21.     Shortly thereafter, the fugitive gas ignited, causing a substantial explosion and fire (hereinafter the "Explosion" and "Fire").

22.     The Explosion and Fire caused substantial damages to the Property.

23.     As a result of the Fire and Explosion, Plaintiff CIC's Insureds sustained damages to the Property and other losses in excess of $75,000.

24.     By reason of said damages, and pursuant to the terms and conditions of the Policy, CIC has made payments to or on behalf of Plaintiff CIC's Insureds in excess of $75,000.

25.     By virtue of its payments made, to or on behalf of Plaintiff CIC's Insureds, and in accordance with the terms and conditions of the Policy, CIC is now contractually, legally, and equitably subrogated to the rights of recovery of Plaintiff CIC's Insureds to the extent of its payments.

26.     In addition to the damages reimbursed by CIC, Holland and Lakeside suffered certain uninsured damages as a result of the Fire and Explosion in excess of $75,000.

27.     After the Explosion and Fire, the Maryland Public Service Commission Engineering Division (hereinafter "PSCED") conducted an investigation of the Fire and Explosion.

28.     The PSCED investigation revealed that BGE violated numerous statutes, standards, codes, and regulations.

29.     Specifically, the PSCED found that BGE violated:

    a.  Md. Code, Public Util. § 5-303 which states: "A public service company shall furnish equipment, service, and facilities that are safe, adequate, just, reasonable, economical, and efficient, considering the conservation of natural resources and the quality of the environment."

    b.  COMAR 20.50.02.01 which states: "The electric plant of the utility shall be constructed, installed, maintained, and operated in accordance with accepted good engineering practice in the electric industry to assure, as far as reasonably possible, continuity of service, uniformity in the quality of service furnished, and the safety of persons and property."

    c.  COMAR 20.50.02.02A which requires: "unless otherwise specified by the Commission, the utility shall use the applicable provision in the latest revised

version of the incorporated by reference publications listed below as standards of accepted good engineering practice in this subtitle: A.  National Electrical Safety Code, ANSI C2-2002."

   d.   NESC Rule 352.C – Separations from Other Underground Structures – Parallel Facilities

   e.   49 CFR § 192.13(c) – Each operator shall maintain, modify as appropriate, and follow the plans, procedures, and programs that it is required to establish under this part.

   f.   COMAR 20.55.02.02A(3) which lists 49 CFR 192, "Transportation of Natural and Other Gas by Pipeline: Minimum Federal Safety Standards," as amended, as an Acceptable Standard.

   [Public Service Commission of Maryland, Investigation of an Explosion at 8865 Stanford Boulevard in Columbia, Maryland on August 25, 2019, Staff Report of the Engineering Division of the Public Service Commission of Maryland, August 6, 2020, at 23-24.]

## COUNT I – NEGLIGENCE/GROSS NEGLIGENCE/NEGELIGENCE PER SE

30.     Plaintiffs incorporate the preceding paragraphs of the Complaint as though they were fully set forth at length herein.

31.      Defendant had a duty to the general public and Plaintiffs to install, maintain, repair, test and/or inspect the Gas Line and Electrical Lines at the Property and oversee the installation, repair, testing, maintenance, service and inspection of the Gas Line and Electrical Lines at the Property in a reasonably safe manner so as to avoid foreseeable risks of harm to persons and/or property.

32.     Defendant also had a duty to perform all services in connection with the installation, servicing, maintenance, inspection, testing and repair of the Gas Line and Electrical Lines at the Property in a manner consistent with industry standards of care for such work.

33.     Defendant should have known that its duties regarding the installation, repair, maintenance, servicing, testing and/or inspection of the Gas Line and Electrical Lines at the Property were necessary for the protection of the Property, its contents and persons at the Property.

34.     At all times material hereto, Plaintiffs' Insureds detrimentally relied upon the defendant to install, repair, maintain, service, inspect and/or test the Gas Line and Electrical Lines at the Property in a reasonably safe manner so as to avoid foreseeable risks of harm to persons or property at the Property.

35.     Defendant, acting through its employees, agents and/or assigns breached the above duties of care by:

    a.  Failing to exercise due care in connection with the installation of the Gas Line at the Property;

    b.  Failing to exercise due care in connection with the installation of the Electrical Lines at the Property;

    c.  Installing the Gas Line and Electrical Lines directly adjacent to each other, which created a substantial risk of fire/explosion;

    d.  Failing to install the Gas Line in accordance with applicable codes, regulations, statutes, and/or other laws;

    e.  Failing to install the Electrical Lines in accordance with applicable codes, regulations, statutes, and/or other laws;

f.   Failing to install, maintain, inspect, test, service, and/or repair the Gas Line in a workmanlike manner;

g.   Failing to install, maintain, inspect, test, service, and/or repair the Electrical Lines in a workmanlike manner;

h.   Failing to properly train and supervise its employees, servants, and agents so as to minimize the risk of fire/explosion at the Property;

i.   Failing to take necessary precautions in order to safeguard the Property against the risk of fire/explosion; and

j.   Such other negligent, careless, reckless and/or negligent acts and/or omissions that will be learned through discovery.

36.     Defendant knew or should have known of the dangerous conditions existing as a result of its work at the Property.

37.     Defendant knew or should have known that the failures listed above would foreseeably cause property damage, personal injury, and/or death.

38.     Defendant knew or should have known that the failures listed above would foreseeably create an unreasonable risk of danger to the businesses and properties of Plaintiffs and the general public.

39.     Plaintiffs are within the class of persons that the applicable national, state, and local statutes, regulations, codes, and standards were enacted to protect.

40.     The applicable national, state, and local statutes, regulations, codes, and standards were enacted to prevent the type of damage incurred as a result of Defendant's work at the Property.

41.     Defendant's failures were more than ordinary negligence and amounted to a

conscious indifference to consequences and/or a heedless and reckless disregard for another's rights and an utter lack of concern for the safety of others.

42.     Defendant owed the above duties to those foreseeably harmed by the breach of such duties, to include, but not limited to, Plaintiffs.

43.     Defendant's conduct fell below the standard established by law for the protection of others and property belonging to others against unreasonable risk of harm.

44.     The acts and/or omissions described in the preceding paragraphs were committed by the authorized employees, agents and/or assigns of BGE acting in the course and scope of their employment.

45.     The aforesaid negligence, carelessness, recklessness, gross negligence, negligence per se, and negligent acts and/or omissions of Defendant were the direct and proximate cause of the August 25, 2019 Explosion and Fire, and resulting damages sustained by Plaintiffs.

46.     As a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, negligence per se, and negligent acts and/or omissions of Defendant, Plaintiffs suffered significant damages to the Property and other losses in an amount in excess of $75,000.

47.     As a result of the payments made to Plaintiff CIC's Insureds, and pursuant to the terms and conditions of the Policy, CIC is legally, equitably, and contractually subrogated to the rights of Plaintiff CIC's Insureds to the extent of its payments.

48.     In addition to the damages reimbursed by CIC, Holland and Lakeside suffered certain uninsured damages as a result of the Fire and Explosion in excess of $75,000.

**WHEREFORE**, Plaintiffs, (1) The Cincinnati Insurance Company as subrogee of Holland Properties Management, Inc. and Lakeside Columbia, LLC; (2) Holland Properties Management, Inc.; and (3) Lakeside Columbia, LLC, demand judgment in their favor in an amount in excess of

$75,000 against Baltimore Gas and Electric Company, together with interest, attorneys' fees, costs of suit, and such other relief as the Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT AND IMPLIED WARRANTY

49.     Plaintiffs incorporate the preceding paragraphs of the Complaint as though they were fully set forth at length herein.

50.     Defendant BGE expressly and/or impliedly represented itself as being qualified to install, repair, maintain, service, inspect and/or test the Gas Line and Electrical Lines at the Property.

51.     Based upon the implied and/or expressed representations of Defendant, BGE, Plaintiff CIC's Insureds relied on BGE to properly install, service, test, inspect, repair and/or maintain the Gas Line and Electrical Lines at the Property.

52.     Defendant impliedly and/or expressly represented that its services would be performed in a competent and workmanlike manner, and that the Gas Line and Electrical Lines at the Property would be installed, repaired, serviced, maintained, tested and/or inspected in accordance with industry standards and applicable codes, laws and regulations.

53.     At all times, Defendant, BGE, performed work at the Property for the intended benefit of Plaintiff CIC's Insureds and other tenants in the Property.

54.     Defendant, BGE, acting through its agents, employees and/or assigns breached the contract and implied warranties described above by installing, inspecting, maintaining, testing, repairing and/or servicing the Gas Line and Electrical Lines at the Property in an unsafe and hazardous manner as described herein.

55.     This breach was the direct and proximate cause of the damages sustained by Plaintiff CIC's Insureds.

56.     As a direct and proximate result of this breach, Plaintiffs suffered significant damages to the Property and other losses in an amount in excess of $75,000.

57.     As a result of the payments made to Plaintiff CIC's Insureds, and pursuant to the terms and conditions of the Policy, CIC is legally, equitably, and contractually subrogated to the rights of Plaintiff CIC's Insureds to the extent of its payments.

58.     In addition to the damages reimbursed by CIC, Holland and Lakeside suffered certain uninsured damages as a result of the Fire and Explosion in excess of $75,000.

**WHEREFORE**, Plaintiffs, (1) The Cincinnati Insurance Company as subrogee of Holland Properties Management, Inc. and Lakeside Columbia, LLC; (2) Holland Properties Management, Inc.; and (3) Lakeside Columbia, LLC, demand judgment in their favor in an amount in excess of $75,000 against Baltimore Gas and Electric Company, together with interest, attorneys' fees, costs of suit, and such other relief as the Court deems just and appropriate.

Respectfully submitted,

STRAVITZ LAW FIRM, PC

By:     /s/Eric N. Stravitz
        Eric N. Stravitz (Bar No. 23610)
        4601 Presidents Drive
        Suite 120
        Lanham, MD 20706
        O:  (240) 467-5741
        F:  (240) 467-5743
        E:  eric@stravitzlawfirm.com

        *Counsel for Plaintiff, The Cincinnati*
        *Insurance Company as subrogee of Holland*
        *Properties Management, Inc. and Lakeside*
        *Columbia, LLC*

KRAMON & GRAHAM, P.A.

By:   /s/John F. Dougherty
John F. Dougherty (Bar No. 25369)
1 South Street, 26th Floor
Baltimore, MD 21202
Office: 410-752-6030
Fax: 410-361-8224
Email: *jdougherty@kg-law.com*

*Attorney for Plaintiffs Holland*
*Properties Management, Inc.*
*and Lakeside Columbia, LLC*

Of Counsel:
Thomas Paolini, Esq.*
Jared L. Elster, Esq.*
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
20 East Taunton Road, Suite 403
Berlin NJ 08009
O:  856-767-6800
F:  856-767-6810
E:  PaoliniT@StutmanLaw.com
E:  ElsterJ@StutmanLaw.com
*Motions for Pro Hac Vice Admission to be filed
Counsel for Plaintiff, The Cincinnati Insurance*
*Company as subrogee of Holland Properties*
*Management, Inc. and Lakeside Columbia, LLC*

## JURY DEMAND

Plaintiffs, by counsel, hereby request a trial by jury in the above captioned case.

/s/Eric N. Stravitz
Eric N. Stravitz (Bar No. 23610)

/s/John F. Dougherty
John F. Dougherty (Bar No. 25369)