# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### -Northern Division-

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY a/s/o Holland Properties Management, Inc. and Lakeside Columbia, LLC, et al.,<br><br>  Plaintiffs,<br>v.<br><br>BALTIMORE GAS AND ELECTRIC COMPANY,<br><br>  Defendant. | *<br>*<br>*   Civil Action No. 1:21-cv-00084<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT BALTIMORE GAS AND ELECTRIC COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Baltimore Gas and Electric Company ("Defendant" or "BGE") by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby responds to the Complaint ("Complaint") filed by The Cincinnati Insurance Company as subrogee of Holland Properties Management, Inc., and Lakeside Columbia, LLC ("CIC"), Holland Properties Management, Inc. ("Holland"), and Lakeside Columbia, LLC ("Lakeside") (collectively, "Plaintiffs") (ECF 1), as follows:

## ANSWER[1]

BGE answers the allegations in each of the like-numbered paragraphs of the Complaint as follows:

---

[1] For ease of reference, this Answer and Affirmative Defenses incorporates the headings and paragraph numbers in the Complaint. In doing so, BGE does not admit or deny any of the substance in the Complaint.

## THE PARTIES

1. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. BGE admits the allegations set forth in Paragraph 5.

6. BGE admits the allegations set forth in Paragraph 6.

## JURISDICTION

7. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 7.

8. The allegations set forth in Paragraph 8 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 8.

9. The allegations set forth in Paragraph 9 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 9.

**VENUE**

10.     The allegations set forth in Paragraph 10 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 10.

**FACTS**

11.     BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.     BGE admits the allegations set forth in Paragraph 12.

13.     BGE admits that it was responsible for maintaining the gas service pipe leading to the Property.  BGE denies that it owns, maintains, or controls customer equipment at the Property.

14.     BGE admits the allegations set forth in Paragraph 14.

15.     BGE admits that it was responsible for maintaining the electric service cables leading to the Property.  BGE denies that it owns, maintains, or controls customer equipment at the Property.

16.     BGE admits that it owned the gas service pipe and electric service cables leading to the Property.  BGE denies that it owns, maintains, or controls customer equipment at the Property.

17.     BGE admits that it was responsible for the installation, maintenance, repair, testing, servicing, and inspection of the gas service pipe and electric service cables leading to the Property.  BGE denies that it owns, maintains, or controls customer equipment at the Property.

18.     BGE admits the allegations set forth in Paragraph 18.

19. BGE admits that the Electrical Lines failed for unknown reasons resulting in a significant thermal event that damaged the Gas Lines on August 25, 2019, as explained in BGE's Response to the Staff Engineering Division's Report on Probable Cause before the Public Service Commission of Maryland ("BGE's Response"). BGE denies any allegations set forth in Paragraph 19 that are inconsistent with BGE's Response.

20. BGE admits that leaking gas from a high-pressure line migrated into the building, as explained in BGE's Response. BGE denies the remaining allegations set forth in Paragraph 20.

21. BGE admits that leaking gas from the high pressure line migrated into the building and was ignited by an unknown source inside the building, as explained in BGE's Response. BGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21.

22. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. Paragraph 25 refers to "the terms and conditions of the Policy," which references a document that speaks for itself. Paragraph 25 also refers to "contractually, legally, and equitably subrogated to the rights of recovery," which is a legal conclusion for which no response is required. BGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25.

26. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. BGE admits the allegations set forth in Paragraph 27.

28. To the extent that Paragraph 28 references a document before the Public Service Commission of Maryland, the document speaks for itself. To the extent a response is required, BGE denies all allegations inconsistent with the document.

29. Paragraph 29 recites a document called "Public Service Commission of Maryland, Investigation of an Explosion at 8865 Stanford Boulevard in Columbia, Maryland on August 25, 2019, Staff Report of the Engineering Division of the Public Service Commission of Maryland, August 6, 2020, at 23-24," which speaks for itself. To the extent a response is required, BGE denies all allegations inconsistent with the document.

**COUNT 1 – NEGLIGENCE/GROSS NEGLIGENCE/NEGLIGENCE PER SE**

30. In response to Paragraph 30, BGE incorporates its answers to the allegations set forth in Paragraphs 1 through 29.

31. The allegations set forth in Paragraph 31 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 31.

32. The allegations set forth in Paragraph 32 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 34.

35. The allegations set forth in Paragraph 35 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 35.

36. The allegations set forth in Paragraph 36 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 36.

37. The allegations set forth in Paragraph 37 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 37.

38. The allegations set forth in Paragraph 38 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 38.

39. The allegations set forth in Paragraph 39 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 39.

40. Defendant denies the allegation that the damage was "incurred as a result of Defendant's work at the Property." The remaining allegations set forth in Paragraph 40 are legal conclusions for which no response is required. To the extent a response is required, BGE denies those allegations set forth in Paragraph 40.

41. BGE denies the allegations set forth in Paragraph 41.

42. The allegations set forth in Paragraph 42 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 42.

43. The allegations set forth in Paragraph 43 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 43.

44. The allegations set forth in Paragraph 44 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 44.

45. The allegations set forth in Paragraph 45 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 45.

46. The allegations set forth in Paragraph 46 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 46.

47. Paragraph 47 refers to "the terms and conditions of the Policy," which references a document that speaks for itself. Paragraph 47 also refers to "contractually, legally, and equitably subrogated to the rights of recovery," which is a legal conclusion for which no response is required. BGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47.

48. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48.

## COUNT II – BREACH OF CONTRACT AND IMPLIED WARRANTY

49. In response to Paragraph 49, BGE incorporates its answers to the allegations set forth in Paragraphs 1 through 48.

50. The allegations set forth in Paragraph 50 are vague and do not describe a specific representation.  Therefore, BGE can neither admit nor deny the allegations.  To the extent a further response is needed, BGE presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50.

51. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff CIC's Insureds relied on BGE as set forth in Paragraph 51.  The remaining allegations set forth in Paragraph 51 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies these remaining allegations set forth in Paragraph 51.

52. The allegations set forth in Paragraph 52 are vague and do not describe a specific representation.  Therefore, BGE can neither admit nor deny the allegations.  To the extent that a further response is needed, BGE presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52.

53. The allegations set forth in Paragraph 53 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 53.

54. The allegations set forth in Paragraph 54 are legal conclusions for which no response is required.  To the extent a response is required, BGE denies all allegations set forth in Paragraph 54.

55. The allegations set forth in Paragraph 55 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 55.

56. The allegations set forth in Paragraph 56 are legal conclusions for which no response is required. To the extent a response is required, BGE denies all allegations set forth in Paragraph 56.

57. Paragraph 57 refers to "the terms and conditions of the Policy," which references a document that speaks for itself. Paragraph 57 also refers to "contractually, legally, and equitably subrogated to the rights of recovery," which is a legal conclusion for which no response is required. BGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 57.

58. BGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58.

## GENERAL DENIAL

Defendant hereby denies all allegations in the Complaint not expressly admitted, as well as all demands for relief set forth in Plaintiffs' "WHEREFORE" clauses.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of contributory negligence.

3. Plaintiffs' claims are barred by the doctrine of assumption of risk.

4. Plaintiffs' claims are barred by the failure to join indispensable party.

5. Plaintiffs' claims are barred, or subject to reduction, by their failure to mitigate their damages, if any.

6. Plaintiffs' claims are barred because they have not suffered any damages or injuries proximately caused by any act attributable to BGE.

7. Any damages alleged by Plaintiffs were caused solely by the conduct of one or more third persons for whose conduct BGE is not responsible and with whom BGE has no legal relation.

8. The damages claimed, if any, were directly and proximately caused by the superseding, intervening acts and omissions of a third-party or third-parties for which BGE is neither responsible nor liable.

9. BGE's actions were justified by its contracts, enforceable and governing judicial decision, and applicable law.

10. The damages claimed, if any, were the result of an independent, intervening agency or instrumentality over which BGE had no control or right of control.

11. The damages claimed, if any, were the result of an unavoidable accident and therefore the requested relief should be denied.

12. BGE is not the owner of the instrumentality that allegedly caused the damages claimed, if any, by Plaintiffs.

13. All allegations in the Complaint that are not specifically admitted above are denied.

14. This Answer is made without waiver of any jurisdictional defense or rights to arbitrate or proceed in another forum that may exist pursuant to the agreements between the parties and/or is otherwise applicable to the claims and disputes herein.

15. BGE hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiffs have and recover nothing of BGE and the Complaint be dismissed with prejudice or that judgment be entered in BGE's favor for costs and reasonable attorney's fees; and

2. For such other relief as the Court may deem just and proper.

Dated:  February 26, 2021                                  Respectfully submitted,

*/s/ Melissa O. Martinez*
Ava E. Lias-Booker (Fed. Bar No. 05022)
Melissa O. Martinez (Fed. Bar No. 28975)
Emily M. Patterson (Fed. Bar No. 19373)
**McGuireWoods LLP**
500 E. Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
(410) 659-4400
(410) 659-4599 Fax
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com
epatterson@mcguirewoods.com

***Counsel for Defendant Baltimore Gas and Electric Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of February, 2021, a true and correct copy of the foregoing Defendant Baltimore Gas and Electric Company's Answer and Affirmative Defenses to Plaintiffs' Complaint was filed and served via the Court's CM/ECF system on all counsel of record.

>                                        */s/ Melissa O. Martinez*
>                                        Melissa O. Martinez